U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUL 2 3 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

DALE SCHEXNAIDER                    CIVIL ACTION NO. 07-0763

VS.                                 SECTION P

TIM WILKINSON                       JUDGE DRELL

                                    MAGISTRATE JUDGE KIRK

## REPORT AND RECOMMENDATION

Before the court is an application for writ of *habeas corpus*
(28 U.S.C. §2254) filed in April 2007 by *pro se* petitioner Dale
Schexnaider. Petitioner is an inmate in the custody of
Louisiana's Department of Public Safety and Corrections. He is
incarcerated at the Winn Correctional Center, Winnfield,
Louisiana. Petitioner attacks his 2002 convictions for forcible
rape and indecent behavior with a juvenile in the Ninth Judicial
District Court, Rapides Parish. This matter has been referred to
the undersigned for review, report, and recommendation in
accordance with the provisions of 28 U.S.C. §636 and the standing
orders of the court. For the following reasons it is recommended
that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** as
time-barred by the provisions of 28 U.S.C. §2244(d).

### Statement of the Case

On June 22, 2001 petitioner was arraigned on charges of
indecent behavior with a juvenile and forcible rape. He pled not
guilty and waived his right to trial by jury. His trial commenced

on June 26, 2001 but that first trial ended in a mistrial.

Petitioner again waived trial by jury and another bench trial commenced on August 6, 2002. On August 9, 2002 petitioner was found guilty as charged. On October 7, 2002 he was sentenced to consecutive sentences of 20 years on the forcible rape and 5 years on the indecent behavior convictions. Petitioner filed a Motion for a New Trial, a Motion in Arrest of Judgment, and a Motion to Reconsider Sentence. The Motions for New Trial and Reconsideration of Sentence were denied, however, no action was taken on petitioner's Motion in Arrest of Judgment. Petitioner timely appealed his conviction to the Third Circuit Court of Appeals. See introductory paragraphs in State of Louisiana v. Dale Michael Schexnaider, 2003-144 (La. App. 3 Cir. 6/4/2003) at *1, 852 So.2d 450, 452-53.

Petitioner's Motion in Arrest of Judgment complained that his prosecution and conviction for indecent behavior amounted to double jeopardy because he had previously been charged in Caddo Parish with child pornography and those charges were resolved in conjunction with a plea agreement. [doc. 5, p. 1[1]] On June 4, 2003, the Court of Appeals rendered its opinion on appeal. The court found patent error in the trial court's failure to dispose

---

[1] See State v. Schexnaider, 2003-144 at **3; 852 So.2d at 453, "The Defendant's Motion in Arrest of Judgment reads as follows: 'Double Jeopardy precluded this trial; Specifically, Mr. Schexnieder [sic] entered into a guilty plea regarding the same offense in Caddo Parish, Louisiana. properly prepare his defense for the scheduled trial date.' [sic]"

of the motion in arrest of judgment prior to sentencing as required by the Louisiana statutes (La. C.Cr.P. arts. 860-861), therefore, the court vacated the sentence imposed on the indecent behavior conviction and remanded the case for a contradictory hearing and resolution of the unresolved Motion in Arrest of Judgment. State of Louisiana v. Dale Michael Schexnaider, 2003-144 (La. App. 3 Cir. 6/4/2003), 852 So.2d 450, 453-54.

Petitioner's appellate counsel argued two Assignments of Error, sufficiency of the evidence and excessiveness of sentence. Both were found to be without merit. State v. Schexnaider, 852 So.2d at 457, 459, and, 461. Petitioner was permitted to argue a *pro se* assignment of error - ineffective assistance of trial counsel. Having found that the appellate record was insufficient to make a definitive finding with regard to the ineffective assistance claim, the court likewise denied relief. State v. Schexnaider, 852 So.2d at 462. Petitioner received notice of the Third Circuit's judgment from his court-appointed appellate counsel on June 9, 2003. [doc. 1-4, pp. 14 and 33; doc. 5, pp. 5-6] Counsel provided petitioner with a copy of the Third Circuit's opinion and advised, "You can file an application for writs to the Louisiana Supreme Court. We will not do so. Indeed, this action by the appellate court ends our work on your behalf. It is our considered professional opinion that such an application would not be granted, based on the consideration of the Supreme

3

Court rules. If you choose to file such an application, you will have to file it within thirty (30) days of the date of the decision." [doc. 5, p. 5] Petitioner was also advised, "We would call your attention to the provisions of C.Cr.P. art. 930.8 which require that any application for post conviction relief be filed within two (2) years of the final judgment by the appellate court on your appeal ... Federal law mandates that any habeas corpus proceeding filed to contest the conviction be filed within one (1) year of the final decision on appeal, excluding the time any State post conviction relief application is pending, so this is a shorter and serious deadline." [id., pp. 5-6]

Petitioner did not seek further direct review in the Louisiana Supreme Court. [doc. 5, p. 7] On September 8, 2003, the hearing on the outstanding Motion in Arrest of Judgment was convened in the District Court. On September 9, 2003, petitioner's attorney advised him of the results of that hearing: "As you are also aware this was simply for record purposes as it was the identical issue that was argued in the pretrial Motion to Quash. I introduced the record and testimony of that particular hearing yesterday and incorporated it in our argument. Judge Ryland denied this motion." [doc. 5, pp. 8-9] Petitioner did not seek further appellate or collateral review of this hearing. [doc. 5, p. 7]

On or about June 7, 2005 petitioner filed an Application for

4

Post-Conviction Relief in the Ninth Judicial District Court.
[doc. 1-4, pp. 12-33[2]] On August 8, 2005, the District Court
denied relief and provided Written Reasons for Judgment. [doc. 5,
pp. 10-14]

On September 12, 2005[3] petitioner applied for writs in the
Third Circuit Court of Appeals. [doc. 1-3, pp. 31-32; doc. 1-4,

---

[2] In his pleading, petitioner claimed that he filed his Application for
Post-Conviction Relief in June 2003. [doc. 1-1, paragraph 7(b)(iii)] However,
according to the exhibits submitted by petitioner, he signed the verification
of his Application for Post-Conviction Relief and the certificate of service
on June 7, 2005. [doc. 1-4, pp. 31 and 33] In must be presumed that the dates
on the exhibit are accurate. Further, in the absence of any contradictory
information, petitioner will be afforded the benefits of the "mailbox" rule
which states that prisoner litigants proceeding pro se are deemed to have
filed their pleadings on the date that they were handed to prison authorities
for mailing. See State ex rel. Egana v. State, 00-2351 (La.9/22/00), 771 So.2d
638, in which the Louisiana Supreme Court approved of the use of the "mailbox
rule" referred to in Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385,
101 L.Ed.2d 245 (1988). The date that petitioner verified and signed his
pleadings is clearly the earliest date that the pleadings could be said to
have been filed.

With regard to the date petitioner filed his Application for Post-Conviction
Relief, the discrepancy between the date alleged in the pleading and the date
that appears on the exhibit was pointed out to petitioner in the Memorandum
Order of May 25, 2007. [See doc. 4 at fn. 1, p. 3] Among other things,
petitioner was directed to provide "Information concerning the date petitioner
filed his Application for Post-Conviction Relief in the District Court and
information concerning whether or not any other post-conviction or collateral
attacks were pending in the Louisiana Supreme Court prior to June 7, 2005, the
date the undersigned has concluded that petitioner filed his first and only
Application for Post-Conviction Relief..." [doc. 4, p. 8] Petitioner did not
address this issue in his response to the May 25 order, and therefore, it must
be presumed that petitioner's first and only application for post-conviction
relief was filed on June 7, 2005.

In any event, on closer inspection, it is apparent that the pleading was not
filed in June 2003. On the final page of the application, petitioner alleged
that he included "13 exhibits for courts reference" including "Crayton
Affidavit" and "Town Talk Articles." The "Crayton Affidavit" referred to was
executed on May 26, 2005. [see doc. 1-3, p. 2] The "Town Talk Article"
referred was dated August 3, 2004. [doc. 1-3, p. 1] Further, in the
application for post-conviction relief, petitioner alleged that other than his
direct appeal, he had filed no previous applications for post-conviction
relief. [doc. 1-4, paragraph 12]

[3] Petitioner signed his pleading on September 12, 2005. See fn. 1, supra.

pp. 1-11] On some unspecified date the Third Circuit Court of
Appeals denied relief and sent Notice of Judgment to petitioner.

On March 13, 2006 petitioner filed a writ application in the
Louisiana Supreme Court. [doc. 1-3, pp. 19-30] On December 15,
2006 the Louisiana Supreme Court denied writs. State of Louisiana
ex rel. Dale Schexnaider v. State of Louisiana, 2006-1213 (La.
12/15/2006), 944 So.2d 1281. [See also doc. 1-3, p. 3]

Petitioner signed his federal petition on April 10, 2007.
[doc. 1-3, p. 18] It was mailed on April 24, 2007. [doc. 1-1, p.
9] It was received and filed on April 26, 2007.

### Law and Analysis

This petition was filed after the effective date of the
Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).
Therefore, the court must apply the provisions of AEDPA,
including the timeliness provisions. Villegas v. Johnson, 184
F.3d 467, 468 (5th Cir. 8/9/1999); In Re Smith, 142 F.3d 832,
834, citing Lindh v. Murphy, 521 U.S. 320, 336, 117 S.Ct. 2059,
138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to
provide a one-year statute of limitations for the filing of
applications for writ of habeas corpus by persons such as
petitioner, who are in custody pursuant to the judgment of a
State court. This limitation period generally runs from "...the
date on which the judgment became final by the conclusion of

6

direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[4]

However, the statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. Villegas, 184 F.3d 467, citing Flanagan v. Johnson, 154 F.3d 196, 197 (5th Cir.1998).

Federal courts may raise the one-year time limitation sua sponte. Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

Petitioner timely appealed his conviction and sentence. The Third Circuit affirmed his conviction for forcible rape and remanded the case to the District Court to resolve an outstanding Motion in Arrest of Judgment on June 4, 2003. State of Louisiana v. Dale Michael Schexnaider, 2003-144 (La. App. 3 Cir. 6/4/2003), 852 So.2d 450. Petitioner was notified of this disposition on

---

[4] Nothing in the record before the court suggests that any State created impediments prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, nothing in the record suggests that the factual predicate of petitioner's claims was only recently discovered. Thus, the limitations period should not be reckoned from the events described in 28 U.S.C. § 2244(d)(1)(B), (C), and (D).

June 9, 2003 [doc. 5, p. 4] and advised by his court-appointed appellate counsel that he had 30 days from the date of the Third Circuit's judgment within which to seek further direct review in the Louisiana Supreme Court. [doc. 5, p. 5] Petitioner's Motion in Arrest of Judgment was finally resolved on September 8, 2003 and petitioner, who was in court with his court-appointed counsel, was aware of the negative result on that same date. [see doc. 5, p. 8, Letter from Michael A. Brewer]

For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by ... expiration of the time for seeking [direct] review" [28 U.S.C. §2244(d)(1)(A)], at the latest, thirty days following the September 8, 2003 hearing on the Motion in Arrest of Judgment or, on or about October 8, 2003.[5] Under 28 U.S.C. § 2244(d)(1) he had one year, or until October 8, 2004 to file his federal *habeas* petition.

Petitioner cannot rely on the statutory tolling provision of §2244(d)(2) because he did not file his first and only collateral attack in the state court until June 7, 2005 [doc. 1-4, pp. 31 and 33; and doc. 1-4, p. 14, paragraph 12; and, see fn. 2, *supra*]

---

[5] Louisiana Supreme Court Rule X, §5(a) provides, "An application seeking to review a judgment of the court of appeal ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal..." As noted by petitioner's appellate counsel, petitioner had 30 days from June 4, 2003, the date of the Third Circuit's opinion, within which to seek further direct review in the Louisiana Supreme Court. Nevertheless, in light of the remand hearing, the undersigned has afforded the petitioner the benefit of the doubt and reckoned that the Rule X limitations period commenced with the District Court denied relief on the outstanding Motion.

and by that time, the limitations period had already long
expired.  Neither that filing, nor any of his subsequent filings
in the Third Circuit Court of Appeals or the Louisiana Supreme
Court (all of which were apparently timely under Louisiana law)
could operate to toll the limitations period since these
proceedings were filed <u>after</u> the federal limitations period had
already expired, and, as stated above, the lapse of time <u>before</u>
the proper filing of the application for post-conviction relief
must be counted against the one-year limitation period. <u>Villegas</u>,
184 F.3d 467, citing <u>Flanagan v. Johnson</u>, 154 F.3d 196, 197 (5th
Cir.1998).

Thus, a period of more than twelve un-tolled months elapsed
between the date that petitioner's conviction became final and
the date that his federal suit was filed; accordingly, his *habeas*
claims are barred by the timeliness provisions codified at 28
U.S.C. § 2244(d).

The Fifth Circuit has held that the AEDPA's one-year statute
of limitations can, in rare and exceptional circumstances, be
equitably tolled. See <u>Davis v. Johnson</u>, 158 F.3d 806, 811 (5th
Cir.1998). However, "[e]quitable tolling applies principally
where the plaintiff is actively misled by the defendant about the
cause of action or is prevented in some extraordinary way from
asserting his rights." <u>Coleman v. Johnson</u>, 184 F.3d 398, 402 (5th
Cir.1999) (quotation marks omitted). Nothing of record supports

9

the application of equitable tolling in this instance.   The

petitioner was not actively misled by the defendant or anyone

else; in fact, petitioner's court-appointed appellate counsel

specifically warned petitioner about the one-year federal

limitations period [doc. 5, pp. 5-6] but petitioner failed to

heed that warning.

The petition is time-barred by the provisions of  28 U.S.C.

§ 2244(d)(1)(A).  Equitable tolling does not apply. Dismissal is

therefore recommended.

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus*

should be **DENIED AND DISMISSED WITH PREJUDICE**  because

petitioner's claims are barred by the one-year limitation period

codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and

Rule 72(b), parties aggrieved by this recommendation have ten

(10) business days from service of this report and recommendation

to file specific, written objections with the Clerk of Court.  A

party may respond to another party's objections within ten (10)

days after being served with a copy of any objections or response

to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual**

**findings and/or the proposed legal conclusions reflected in this**

**Report and Recommendation within ten (10) days following the date**

10

of its service, or within the time frame authorized by
Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking
either the factual findings or the legal conclusions accepted by
the District Court, except upon grounds of plain error. *See,*
Douglass v. United Services Automobile Association, 79 F.3d 1415
(5th Cir. 1996).

     **THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana,
this _____ day of _____, 2007.

                            JAMES D. KIRK
                            UNITED STATES MAGISTRATE JUDGE

11